UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CHEE LEE,

          Plaintiff,            CIV. S-04-1322 PAN

    v.

JO ANNE B. BARNHART,          Memorandum of Decision
Commissioner of Social
Security,

          Defendants.

—oOo—

Pursuant to 42 U.S.C. § 405(g), plaintiff requests this court review defendant's decision denying plaintiff supplemental security income benefits.

If the claimant meets eligibility requirements, the Commissioner bases his decision upon a five-step analysis. First, the claimant must not currently be working. 20 C.F.R. § 416.920(b). Second, the claimant must have a "severe" impairment. 20 C.F.R. § 416.920(c). Third, the medical evidence

of the claimant's impairment is compared to a list of impairments that are presumed severe enough to preclude work; if the claimant's impairment meets or equals one of the listed impairments, benefits are awarded.  20 C.F.R. § 416.920(d). Fourth, if the claimant can do his past work benefits are denied. 20 C.F.R. § 416.920(e).  Fifth, if the claimant cannot do his past work and, considering the claimant's age, education, work experience, and residual functional capacity, cannot do other work that exists in the national economy, benefits are awarded. 20 C.F.R. § 416.920(f).

Defendant found plaintiff was eligible, suffered from mild depression, chest pain secondary to gastroesophageal reflux disease and back pain, but no listed impairment, that retains the capacity for unskilled work requiring medium strength and is not disabled.

This court must uphold the Commissioner's determination that a plaintiff is not disabled if the Commissioner applied the proper legal standards and if the Commissioner's findings are supported by substantial evidence. <u>Sanchez v. Secretary of Health and Human Services</u>, 812 F.2d 509, 510 (9th Cir. 1987). The question is one of law.  <u>Gonzalez v. Sullivan</u>, 914 F.2d 1197, 1200 (9th Cir. 1990).  Substantial evidence means more than a mere scintilla, <u>Richardson v. Perales</u>, 402 U.S. 389, 401, 91 S.Ct. 1427 (1971), but less than a preponderance, <u>Bates v. Sullivan</u>, 894 F.2d 1059, 1061 (9th Cir. 1990).  It means such relevant evidence as a reasonable mind might accept as adequate

to support a conclusion.  Richardson, 402 U.S. at 401.  The court cannot affirm the Commissioner simply by isolating supporting evidence but must consider the entire record, weighing evidence that undermines as well as evidence that supports the Commissioner's decision.  Gonzalez v. Sullivan, supra, 914 F.2d at 1200.  If substantial evidence supports administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive, Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if the proper legal standards were not applied in weighing the evidence, Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

  Plaintiff claims defendant erroneously discredited plaintiff's testimony about the limitations imposed by pain, gave too little weight to the opinion of a treating physician and improperly relied upon the medical-vocational guidelines.

  Plaintiff alleged she is disabled by heart problems, carpal tunnel syndrome, back pain, decreased hearing in her right ear, anemia, low blood pressure, stomach pains status post-turbal ligation, chronic headaches, vision loss, arm pain, hand pain, leg pain, foot pain, depression and anxiety.  Defendant found plaintiff was not credible because most of her complaints were entirely unexplained by objective medical evidence.  Tr. 13. Plaintiff's treating physician, Wu-Hsiung Su, M.D., diagnosed arthritis, carpal tunnel syndrome and depression, said that her medicine might make her sleepy and said that on account of pain

3

and weakness she could not work.  Tr.  219-221.

Defendant rejected Dr. Su's opinion upon the grounds that his treatment records contained no diagnostic findings or tests for arthritis, the test results found in his records were normal and that, accordingly, his opinion appeared based upon plaintiff's subjective complaints.

Defendant's finding that plaintiff exaggerated her impairments is well supported by the record.  Plaintiff in fact also alleged disability as a result of deafness in her right ear and loss of hearing in her left, vision problem, dizziness, black out spells and memory loss.  Tr. 56.  Plaintiff points to no medical evidence in the record that might explain any of these impairments.  Nor does plaintiff point to anything in Dr. Su's records that would support his opinion.  Plaintiff's complaints and Dr. Su's opinion aside, plaintiff likewise points to no non-exertional limitations that might have required defendant obtain expert vocational evidence before deciding plaintiff's claim.  At bottom, the result defendant reached is the only one this record permits.

The decision denying benefits is affirmed.

Dated:  May 18, 2005.

/s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge